IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVE BECKER                                                      PLAINTIFF

v.                          CIVIL NO. 16-5145

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                              DEFENDANT

**MEMORANDUM OPINION AND JUDGMENT**

Plaintiff, Steve Becker, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff filed his application for DIB on December 31, 2013, alleging an inability to work since October 31, 2013, due to facet disease, carpel tunnel syndrome, a herniated disc, acid reflux, and high blood pressure. An administrative hearing was held on January 8, 2015, at which Plaintiff and a vocational expert testified.

By written decision dated April 15, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. Specifically, the ALJ found that Plaintiff had the following severe impairments: cervical degenerative disc disease status post fusion; carpel tunnel syndrome; patellar tendon friction syndrome in the right knee; hypertension; and obesity. However, after reviewing all of the

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work with the following limitations: he must have the option to switch between sitting and standing every thirty minutes; he can only occasionally kneel and crawl and reach overhead bilaterally; he can only occasionally handle, finger, and feel with his right, dominant, arm and hand; and he cannot perform work involving repetitive motion of the right arm. With the help of a vocational expert, the ALJ determined that Plaintiff could not perform his past relevant work, but could perform other jobs that existed in significant numbers in the national economy, such as a furniture rental clerk.

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, after reviewing additional evidence that post-dated the ALJ's decision, denied that request on May 20, 2016. Subsequently, Plaintiff filed this action. This case is before the undersigned pursuant to the consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the

Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 12th day of September, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE